**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-2479WA

| | | |
|---|---|---|
| Carolyn Joyce Windham, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| City of Lowell, Arkansas; William | * | |
| James Kruse, police officer, Individually | * | [UNPUBLISHED] |
| and in his official capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 23, 1997
Filed: January 5, 1998

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Carolyn Joyce Windham appeals the district court's adverse grant of summary judgment in her 42 U.S.C. § 1983 suit against the City of Lowell, Arkansas (City), and former police officer William James Kruse. Windham was seriously injured when a car driven by Kruse struck the vehicle Windham was driving. At the time of the collision, Kruse was attempting to join the high-speed pursuit of another vehicle. Windham brought this action contending Kruse violated her substantive due process rights by affirmatively placing her in a position of danger, and the City violated her rights by

failing sufficiently to train its police officers about high-speed pursuits. The district court granted summary judgment to Kruse and the City, concluding Windham had failed as a matter of law to show a substantive due process violation. Windham appeals.

We review a grant of summary judgment de novo, and will affirm if the record, viewed in the light most favorable to Windham, shows there is no genuine issue of material fact, and the City and Kruse are entitled to judgment as a matter of law. See DeBord v. Board of Educ. of Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1104 (8th Cir. 1997).

While other circuits have set forth various formulations of the minimum level of culpability required to sustain a claim under section 1983 for a denial of substantive due process, we have declined to do so. See Gregory v. City of Rogers, 974 F.2d 1006, 1012 (8th Cir. 1992). We have held gross negligence does not implicate the due process clause. See Myers v. Morris, 810 F.2d 1437, 1468 (8th Cir.), cert. denied, 484 U.S. 828 (1987). After careful review of the record and the parties' briefs, and viewing the evidence in the light most favorable to Windham, we believe Kruse's actions fail as a matter of law to constitute a denial of substantive due process. Cf. Roach of City of Frederickstown, 882 F.2d 294, 297 (8th Cir. 1989). In the absence of an underlying constitutional violation by Kruse, the City cannot be liable for inadequate training. See id. at 298.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.